UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI FARAJ,<br><br>                            Plaintiff,<br><br>v.<br><br>6TH AND ISLAND INVESTMENTS LLC, a California limited liability company, d.b.a. OMNIA NIGHTCLUB SAN DIEGO, et al.,<br><br>                            Defendants. | Case No.: 16-cv-00181<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>**(ECF No. 16)** |

Plaintiff has filed a motion for leave to file an amended complaint (the "Motion for Leave to Amend").[1]  For the reasons below, Plaintiff's Motion for Leave to Amend is GRANTED.

I.      Procedural Background

On January 25, 2016, Plaintiff filed this action against defendants 6th and Island Investments LLC, d.b.a. Omnia Nightclub San Diego ("6th and Island

---

[1] Plaintiff also requested modification of the May 13, 2016 scheduling order, but withdrew the request because it was mooted by Magistrate Judge Burkhardt's subsequent entry of an amended scheduling order on July 7, 2016.

LLC"), and Hakkasan LA LLC (collectively, "Defendants").  Plaintiff alleges that Defendants' employee or agent denied him entry into the Omnia nightclub because he is blind.  He states claims against Defendants for violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181, et seq., the Unruh Civil Rights Act, California Civil Code §§ 51 et seq., common law negligence, negligence per se, negligent supervision, and intentional infliction of emotional distress, and seeks damages, declaratory and injunctive relief.

On March 16, 2016, Defendants filed an answer to the complaint, along with a corporate disclosure statement stating that 6th and Island Investments LLC, d.b.a. Omnia Nightclub San Diego, is wholly owned by Hakkasan Fabric-Stingaree Holdings, LLC, a Nevada limited liability company ("Hakkasan Fabric-Stingaree").

On June 20, 2016, Plaintiff filed this Motion for Leave to Amend the complaint to (1) add Hakkasan Fabric-Stingaree as a defendant, and (2) add factual allegations describing occasions on which he was deterred from patronizing defendants' facility as a result of the initial incident of alleged discrimination.

II.   Discussion

Following the short period of time when pleadings may be amended "as a matter of course," thereafter "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and they must apply the policy favoring amendment "with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Courts apply the same policy of liberality in granting leave to amend "whether the amendment will add causes of action or parties." DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987); Fed. R. Civ. P. 21 ("the court

may at any time, on just terms, add or drop a party"). Factors that may support denial of leave to amend include bad faith, undue delay, prejudice to the opposing party, and futility of amendment. <u>DCD Programs Ltd.</u>, 833 F.2d at 185; <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). However, "[u]ndue delay by itself… is insufficient to justify a motion to amend." <u>Bowles v. Reade</u>, 198 F.3d 752, 758 (9th Cir. 1999).

Defendants' opposition appears to be based on the position that leave to amend should be denied as futile. Defendants argue, without any supporting evidence, that Plaintiff was actually excluded from the Omnia nightclub for reasons unrelated to his disability. In Defendants' words, "[o]n our facts, if Plaintiff is denied leave to amend his complaint as requested, he will not be injured." Defs.' Opp. at 3. Essentially, Defendants ask the Court to deny leave to amend because, based on their version of the events, Plaintiff's case has no merit.

Even if the Court could accept the arguments of Defendants' counsel as evidence, which it cannot, whether the evidence supports Plaintiff's claims is irrelevant to the futility of granting him leave to amend. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988) (finding the district court abused its discretion when it denied leave to amend an answer, based on the position that the proposed amendment was not supported by evidence). The standard for futility of amendment is the same as the one used to evaluate a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6): whether the new allegations, taken as true, fail to state a claim on which relief can be granted. <u>See id.</u>. The only pertinent consideration is the legal sufficiency of the new allegations, not whether they are factually disputed. <u>Id.</u> Here, Defendants' argument is entirely premised on their disagreement over the factual basis for

Plaintiff's claims, which is not a basis for denying leave to amend.

The Court finds that contrary to Defendants' argument, Plaintiff's proposed amendments are not futile, and leave to amend should be granted. Plaintiff seeks to add Hakkasan Fabric-Stingaree as a defendant based on its alleged ownership of 6th and Island Investments LLC, d.b.a. Omnia Nightclub San Diego, which operated the nightclub in question. Pl.'s Proposed Am. Compl. ¶¶ 9, 11. As the alleged owner, Hakkasan Fabric-Stingaree is a party covered by Title III of the ADA. See 42 U.S.C. § 12182(a) (prohibiting discrimination of the basis of disability by any "person who owns, leases (or leases to), or operates a place of public accommodation"). The proposed addition of Hakkasan Fabric-Stingaree as a defendant is not futile. Moreover, because this Court's original jurisdiction is based on the existence of a federal question, not diversity of citizenship, adding Hakkasan Fabric-Stingaree does not create jurisdictional concerns.

Plaintiff also requests leave to amend to add factual allegations describing six occasions when he was deterred from patronizing defendants' facility as the result of the initial incident when he was denied entry.[2] Pl.'s Proposed Am. Compl. ¶¶ 22, 23. Among other claims, Plaintiff's original complaint includes a claim for declaratory and injunctive relief under the Title III of the ADA. Pl.'s Compl. ¶ 30. "Injunctive relief is available to 'any person who is being subjected to discrimination on the basis of disability' or who has 'reasonable grounds for believing that such person is about to be subjected to discrimination.'" Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1136 (9th Cir. 2002), quoting 42 U.S.C. § 12188(a)(1). "[U]nder the ADA, once a plaintiff has actually become

---

[2] Plaintiff's proposed amended complaint also includes two additional, minor changes that add descriptive facts without changing the substance of the allegations. Pl.'s Proposed Am. Compl. ¶¶ 15, 24. Defendants' opposition does not address these proposed amendments, and the Court finds no basis for denying Plaintiff leave to add them.

1  aware of discriminatory conditions existing at a public accommodation, and is
2  thereby deterred from visiting or patronizing that accommodation, the plaintiff has
3  suffered an injury." Pickern, 293 F.3d at 1136-37; accord Chapman v. Pier 1
4  Imports (U.S.), Inc., 631 F.3d 939, 949 (9th Cir. 2011) ("A disabled individual …
5  suffers a cognizable injury if he is deterred from visiting a noncompliant public
6  accommodation because he has encountered barriers related to his disability
7  there").
8      In Pickern, the Ninth Circuit found that the following allegations supported
9  plaintiff's claim for injunctive relief under the ADA: that "he is currently aware of
10 barriers to access that now exist at the Paradise store," "that these barriers
11 currently deter him," and "that the barriers deterred him from entering the store
12 just before filing suit even though he needed something from the store and was
13 in the parking lot." Pickern, 293 F.3d at 1137. Plaintiff's proposed amendments
14 here are similar to the ones approved of in Pickern, in that they describe specific
15 occasions when Plaintiff alleges he wanted to visit Defendants' nightclub, but
16 was deterred from doing so because he was initially denied entry because of his
17 disability. In light of Pickern, Plaintiff's proposed amendments are not futile.
18     The Court does not find that any other factors support denial of leave to
19 amend. There is no indication of prejudice or bad faith. With regard to undue
20 delay, Plaintiff's motion was filed by the magistrate judge's deadline for filing
21 motions to amend pleadings or add parties, and the Court does not find that
22 Plaintiff's delay was excessive. In any event, "[u]ndue delay by itself… is
23 insufficient to justify a motion to amend." Bowles, 198 F.3d at 758.
24     Therefore, Plaintiff's Motion for Leave to Amend will be granted.
25 //
26 //
27 //
28 //

III. <u>Conclusion and Order</u>

For the foregoing reasons, Plaintiff's Motion for Leave to Amend is GRANTED. Plaintiff shall file the amended complaint on or before October 7, 2016.

**IT IS SO ORDERED:**

Dated: September 23, 2016

Barry Ted Moskowitz, Chief Judge
United States District Court