UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI FARAJ,<br><br>                      Plaintiff,<br><br>v.<br><br>6TH AND ISLAND INVESTMENTS LLC, a California limited liability company, d.b.a. OMNIA NIGHTCLUB SAN DIEGO, et al.,<br><br>                      Defendants. | Case No.: 16-cv-00181<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**(ECF No. 34)** |

Plaintiff has filed a motion for leave to file a second amended complaint. [ECF No. 34.] For the reasons below, Plaintiff's Motion will be granted.

I.    Procedural Background

On January 25, 2016, Plaintiff filed this action against two defendants: 6th and Island Investments LLC, d.b.a. Omnia Nightclub San Diego ("6th and Island"), and Hakkasan LA LLC. Plaintiff contends he was denied entry into the Omnia Nightclub because he is blind. He states claims against Defendants for violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181, et seq., the Unruh Civil Rights Act, California Civil Code §§ 51 et seq., and common law.

On March 16, 2016, Defendants filed a corporate disclosure pursuant to

Federal Rule of Civil Procedure 7.1 in which they indicated that Defendants were "wholly owned by" Hakkasan Fabric-Stingaree Holdings, LLC ("Hakkasan Fabric-Stingaree"). Defs.' Rule 7.1 Discl. Stmt. at 2 [ECF No. 7].

On May 13, 2016, Magistrate Judge Burkhardt entered a scheduling order setting June 20, 2016 as the deadline for filing "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings." Scheduling Order Regulating Disc. and Other Pre-Trial Proceedings ¶ 1 [ECF No. 15].[1]

On June 20, 2016, Plaintiff filed a motion for leave to amend the complaint in order to (among other things) add Hakkasan Fabric-Stingaree as a defendant, based on the information in Defendants' corporate disclosure identifying it as their corporate parent, making it potentially liable as a "person who owns … a place of public accommodation" within the meaning of Title III of the ADA. Pl.'s Mot. Leave to File Am. Compl. at 4-5 [ECF No. 16].

On September 23, 2016, the Court granted Plaintiff's motion, and on September 26, 2016, Plaintiff filed his First Amended Complaint ("FAC"). [ECF Nos. 22, 23.]

On September 28, 2016, Defendants—including Hakkasan Fabric-Stingaree—filed an answer as well as a supplemental Rule 7.1 corporate disclosure in which they reiterated the information in their initial disclosure indicating that "6th and Island Investments, LLC dba Omnia Nightclub San Diego is wholly owned corporation by [sic] Hakkasan Fabric-Stingaree Holdings, LLC." Defs.' Rule 7.1 Suppl. Discl. Statement at 2 [ECF No. 26-1].

On November 14, 2016, Plaintiff filed the instant motion. He seeks leave to file a Second Amended Complaint to add another entity, Hakkasan Holdings, LLC ("Hakkasan Holdings"), as a defendant to this action. He contends that deposition

---

[1] The May 13, 2016 Scheduling Order was subsequently modified, but none of the modifications altered the June 20, 2016 deadline for amending pleadings or adding parties. See Amended Scheduling Order [ECF No. 18]; Minute Order [ECF No. 33].

testimony elicited in this case on November 9, 2016, indicated that Hakkasan Fabric-Stingaree is merely a holding company with no staff or employees, and that Hakkasan Holdings, a parent entity of Hakkasan Fabric-Stingaree, is the company whose employees actually oversee the operations of the Omnia Nightclub. Pl.'s Mot. for Leave to File SAC at 3-4 ("Pl.'s Mot."). [2] Based on this testimony, he argues, Hakkasan Holdings is potentially liable under 42 U.S.C. § 12182(a) as a "person who owns, leases (or leases to), or operates a place of public accommodation." Id. at 8.

Plaintiff acknowledges that this Motion was filed after the Scheduling Order's June 20, 2016 deadline for filing motions to add parties or amend the pleadings. He contends he has been diligent in trying to discover the corporate entities potentially responsible for the alleged incident of discrimination on which his claims are based, and that despite his diligence—and thanks to Defendants' failure to identify Hakkasan Holdings in their initial or supplemental corporate disclosures—he did not learn of the existence of Hakkasan Holdings, and its relationship to his claims, until the November 9th deposition of Jan Marks. Id. at 5-6.

On December 16, 2016, Defendants filed an opposition to Plaintiff's Motion. [ECF Nos. 40, 40-1.] Defendants do not oppose Plaintiff's request to modify the Scheduling Order, nor do they respond to the contention that they contributed to Plaintiff's delay by failing to identify Hakkasan Holdings in their corporate disclosures. See Defs.' Opp. to Pl.'s Mot. at 2-4. Rather, their opposition brief focuses on attempting to show it would be futile to add Hakkasan Holdings as a defendant. See id.

---

[2] On December 9, 2016, Plaintiff filed a Declaration of Christopher H. Knauf in support of the Motion, attaching relevant excerpts of the deposition transcript of witness Jan Marks, who testified as the Federal Rule of Civil Procedure 30(b)(6) corporate designee of 6th & Island Investments, LLC and Hakkasan Fabric-Stingaree. [ECF Nos. 37, 37-1.]

II.   Discussion

    A. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave when justice so requires," a policy that is to be applied "with extreme liberality," Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990), no matter "whether the amendment will add causes of action or parties." DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987); see Fed. R. Civ. P. 21 ("the court may at any time, on just terms, add or drop a party").  Factors that may support denial of leave to amend include bad faith, undue delay, prejudice to the opposing party, and futility of amendment, DCD Programs Ltd., 833 F.2d at 185, although "[u]ndue delay by itself… is insufficient to justify a motion to amend," Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

However, Rule 15 does not control where the moving party seeks leave to amend after the deadline established in a pretrial scheduling order. Johnson v. Mammoth Recreations, 975 F.2d 604, 607-08 (9th Cir. 1992).  "Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings[,] that rule's standards controlled." Id.  Such scheduling orders may be modified only for good cause.  Fed. R. Civ. P. 16(b)(4); Mammoth Recreations, 975 F.2d at 608.

Plaintiff filed this motion on November 15, 2016, almost four months after the June 20th deadline established by the Scheduling Order.  Thus, he must establish good cause for his delay pursuant to Rule 16(b)(4). Mammoth Recreations, 975 F.2d at 609.  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment.'"  Id.  "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Id. (quoting Fed. R. Civ. P. 16(b) Adv. Comm.'s Notes (1983 Amendment).  If the moving party succeeds in demonstrating good cause to modify the scheduling order, the court then considers the propriety of amendment under

Rule 15.  Only by meeting the standards of Rule 16 and Rule 15 can a party obtain leave to amend a pleading after the deadline established by a scheduling order. Mammoth Recreations, 975 F.2d at 608.

### B. Analysis of Plaintiff's Motion

Although Plaintiff's request for leave to amend was filed as a single motion, for practical purposes, it seeks two forms of relief—first, amendment of the Scheduling Order to allow him to pursue this motion, and second, granting the motion for leave to amend.

As a threshold matter, Plaintiff's decision to direct both requests to the undersigned creates an issue of comity, or perhaps judicial deference, since it was Magistrate Judge Burkhardt, and not this Court, who issued the Scheduling Order Plaintiff seeks to modify.  Magistrate judges in this District are authorized by local rule to issue Rule 16 scheduling orders.  See Fed. R. Civ. P. 16(b)(1) ("the district judge—or a magistrate judge when authorized by local rule—must issue a scheduling order") and CivLR 16.2 ("Magistrate judges may hold status conference and issue scheduling orders in any case which has been referred to the magistrate judge by the district judge for that purpose"). However, district courts retain their decision-making authority over non-Article III functions delegated to magistrate judges. See Wellness Int'l Network, Ltd. v. Sharif, __ U.S. __, 135 S. Ct. 1932, 1938-39 (2015) and United States v. First Nat. Bank of Rush Springs, 576 F.2d 852, 853 (10th Cir. 1978) (stating that although the "purpose of the Federal Magistrates Act, 28 U.S.C. §§ 631, et seq. was to provide a method to relieve judges of some of their non-Article III functions[,] [i]t is clear that district court judges were intended to retain ultimate decision-making power and continuing jurisdiction over the actions of magistrates").

While this Court possesses the authority to alter the Scheduling Order, a party should ordinarily address a request for modification to the issuing magistrate judge.  See CivLR 16.2.  Here, however, the Court does note that Plaintiff's request

has been brought in conjunction with his motion for leave to amend.  Time is of the essence with regard to both requests, since any delay in bringing either motion could serve as grounds for denying it.  Mammoth Recreations, 975 F.2d at 609 ("The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension'"); Bowles, 198 F.3d at 757-58 (undue delay is a factor the court may consider in determining whether to grant leave to amend).  A motion for leave to amend is not categorically non-dispositive, see Bastidas v. Chappell, 791 F.3d 1155, 1164 ("the dispositive nature of a magistrate judge's decision on a motion to amend can turn on the outcome"), so it was not inappropriate for Plaintiff to submit it to this Court for consideration. 28 U.S.C. § 636(b)(1)(A); CivLR 72.1(b) ("a magistrate judge will hear and determine any pretrial motions… other than the dispositive motions which are specified in 28 U.S.C. § 636(b)(1)(A)"); Reynaga v. Cammisa, 971 F.2d 414, 416 (9th Cir. 1992) (parenthetically quoting Taylor v. Oxford, 575 F.2d 152, 154 (7th Cir. 1978) ("It appears that [the Federal Magistrates Act] was not intended that the magistrate [judge] would have the power to hear and determine dispositive motions.")  The Court also notes that this case is scheduled for Final Pretrial Conference on March 1, 2017.  See Am. Sched. Order Regulating Disc. and Other Pre-Trial Proceedings at 6 [ECF No. 18].  Given the relative urgency of the need to resolve whether Hakkasan Holdings will be added to this action, and the efficiency gained by deciding both of the issues presented by Plaintiff's motion at once, the Court will address the motion in its entirety.

The Court thus turns to the merits of Plaintiff's motion.  The first issue to decide is whether Plaintiff has shown good cause why he should be allowed to pursue this motion despite the fact that it was filed after the Scheduling Order's June 20, 2016 deadline.  Mammoth Recreations, 975 F.2d at 609.  Plaintiff contends he was diligent in trying to discover the identity of potential new parties. Id.  His counsel states in a supporting affidavit that prior to filing this action on

January 25, 2016, he "diligently researched Defendants and business filings with the secretary of state and other public filings." Knauf Decl. in Supp. Pl.'s Mot. ¶ 4 [ECF No. 34-1]. Despite his diligence—and, he says, because of Defendants' failure to identify Hakkasan Holdings in their initial or supplemental corporate disclosures—Plaintiff's counsel did not learn of the existence of Hakkasan Holdings, and its potential relationship to Plaintiff's claim under Title III of the ADA, until the November 9th deposition of Jan Marks. Id. at ¶¶ 3-9.

While he could perhaps have done more to explore whether there were additional potential defendants, the Court finds credible Plaintiff's counsel's explanation that he was led astray by Defendants' initial and supplemental corporate disclosures, neither of which revealed the existence of Hakkasan Holdings, despite the fact that (based on Marks's testimony) it is a grandparent entity of 6th and Island, and a parent of Hakkasan Fabric-Stingaree. Both parent and grandparent corporations should be disclosed to best serve the purpose of Federal Rule of Civil Procedure 7.1. See Best Odds Corp. v. iBus Media Ltd., No. 2:14–cv–00932–RCJ–VCF, 2014 WL 5687730 (D. Nev. Nov. 4, 2014) ("Rule 7.1 should be broadly construed to serve its purpose: full disclosure") (citing 53 C. Wright & A. Miller, Federal Practice & Procedure: Civil 3d § 1197 at 78 (3d ed. 2004)).

The weakest part of Plaintiff's effort to show diligence is the lack of description of what he did to discover potential new defendants between the time he filed this action on January 25, 2016, and November 9, 2016, when he first learned of the existence of Hakkasan Holdings. Plaintiff's counsel explains that during this period, there were "ongoing settlement discussions" aimed at resolving the case "without extensive discovery." Knauf Decl. in Supp. Pl.'s Mot. ¶ 3 [ECF No. 34-1]. These Defendants have not opposed Plaintiff's request to amend the
//
//

Scheduling Order, nor have they offered any evidence contradicting his claim of diligence. Thus, the Court accepts Plaintiff's undisputed characterization of his efforts as diligent, and his attribution of any apparent delay to the parties' efforts to settle the case before engaging in extensive discovery.

Although Plaintiff has not made an impressive showing of diligence, overall, the Court finds he has made a sufficient showing such that good cause exists to allow him to pursue this motion despite filing it after the Scheduling Order deadline. Courts holding that a plaintiff failed to demonstrate good cause for a delayed request to add a party frequently reach that conclusion based on evidence that the opposing party notified the plaintiff, sometimes more than once, of the existence of the omitted entity. See, e.g., Mammoth Recreations, 975 F.2d at 609 (affirming district court's determination that plaintiff failed to show good cause where "Mammoth Recreations's answer to the complaint and response to interrogatories amply indicated that Mammoth Recreations did not own and operate the ski resort" and "Mammoth Recreations's counsel had sent a letter explicitly offering to stipulate to a substitution of the 'proper defendant'"); Learjet, Inc. v. Oneok, Inc. (In re W. States Wholesale Nat. Gas Antitrust Litig.), 715 F.3d 716, 737 (9th Cir. 2013) (holding that district court did not abuse its discretion when it denied a motion to amend, because plaintiff had known earlier of facts and theories supporting amendment); Siliga v. Deutsche Bank Nat'l Trust Co., 637 Fed. Appx. 438, (9th Cir. 2016) (mem.) (same).

Here, by contrast, there is no evidence Defendants gave Plaintiff or his counsel reason to suspect, before the November 9th deposition, that the FAC had not identified all potentially responsible parties. The Court finds credible Plaintiff's counsel's contention that he was diligent, but nevertheless was not reasonably able to determine the existence of Hakkasan Holdings before the November 9th deposition of Marks. Plaintiff filed this motion on November 14th. The Court concludes there is good cause under Rule 16 to allow Plaintiff to file this motion

for leave to amend despite the fact that it was filed after the deadline in the Scheduling Order.

The Court next determines whether to grant Plaintiff's motion for leave to file a Second Amended Complaint. Such motions are typically granted "with extreme liberality." Morongo Band of Mission Indians, 893 F.2d at 1079. Denial of a motion for leave to amend may be warranted where the opposing party demontrates bad faith, undue delay, prejudice to the opposing party, or futility of amendment. DCD Programs Ltd., 833 F.2d at 185.

Plaintiff has demonstrated grounds for amending the pleadings to add Hakkasan Holdings as a defendant. Based on Marks's testimony, Hakkasan Holdings is the parent company of Hakkasan Fabric-Stingaree. Although Hakkasan Fabric-Stingaree owns the Omnia Nightclub, it is a mere holding company with no employees. The staff of Hakkasan Holdings operates the nightclub. Marks Depo. 33:7-34:25, Knauf Decl. ¶ 4, Ex. A [ECF No. 37]. Based on that testimony, Hakkasan Holdings is potentially liable as an owner or operator of the Omnia nightclub, the "facility" at issue for purposes of Plaintiff's claim under Title III of the ADA, 42 U.S.C. § 12182(a).

Defendants argue that leave to amend should be denied as futile. They first contend—without any supporting evidence—that Plaintiff was actually excluded from the Omnia Nightclub for reasons unrelated to his disability. Defs.' Opp. at 2-3. Therefore, "if Plaintiff is denied leave to amend his complaint as requested, he will not be injured," because "[t]he evidence bears out that there was no discrimination against Plaintiff." Id. at 3:8. The Court finds this argument uniquely unmeritorious. It is not just that Defendants do not actually submit any of the evidence that supposedly "bears out that there was no discrimination against Plaintiff." Id. It is not even that Defendants' argument demonstrates, at most, that there is a factual dispute regarding the alleged incident, and that factual disputes do not establish the futility of a proposed amendment. See, e.g., Miller v. Rykoff-

Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) ("a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense").  Rather, what makes Defendants' argument remarkable is that it is a verbatim recitation of the argument they made in opposition to Plaintiff's first motion for leave to amend—an argument the Court previously rejected.  Compare, e.g., Defs.' Opp. [ECF No. 40] at 3:21-22 ("On our facts, if Plaintiff is denied leave to amend his complaint as requested, he will not be injured.") with Defs.' Opp. [ECF No. 19] at 3:6-7 ("On our facts, if Plaintiff is denied leave to amend his complaint as requested, he will not be injured.")  Defendants' argument has not grown more convincing with time.  The Court rejects it for the same reasons set forth in its September 23, 2016 order granting Plaintiff leave to amend.  See Order Granting Pl.'s Mot. for Leave to File Am. Compl. at 3-4.

      Defendants' second argument is that "[t]he proposed amendment is unnecessary, as Plaintiff was previously granted leave to add [Hakkasan Fabric-Stingaree]" the owner of 6th and Island, and therefore of the Omnia nightclub.  Def.'s Opp. at 4:5-11.  The Court rejects this argument, because it ignores the fact that Plaintiff seeks to add Hakkasan Holdings not only as the owner of Hakkasan Fabric-Stingaree, but also as an operator of the Omnia nightclub.  See 42 U.S.C. § 12182(a) (prohibiting disability discrimination "by any person who owns, leases (or leases to), or operates a place of public accommodation").

      Therefore, the Court rejects Defendants' position that leave to amend should be denied as futile.  Defendants do not attempt to demonstrate bad faith or prejudice.  For the reasons discussed above, the Court does not find undue delay.  As there are no factors that would support denial of leave to amend, DCD Programs Ltd., 833 F.2d at 185, the Court will grant Plaintiff's motion.

//

//

III.     Conclusion and Order

For the foregoing reasons, Plaintiff's Motion for Leave to File Second Amended Complaint is GRANTED.  The Court orders as follows:

(1) The May 13, 2016 Scheduling Order is modified to provide that the deadline for filing any motion to join other parties, amend the pleadings, or file additional pleadings is November 14, 2016; and

(2) Plaintiff shall file and serve the Second Amended Complaint within seven days of the entry of this Order.

**IT IS SO ORDERED:**

Dated:  January 27, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court